UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

GUSTAW LOJEK,

                                               Plaintiff,

           -against-

CITY OF NEW YORK, LOUIS CALCATERRA, Individually,
PATRICK VOLGENDE, Individually, HASAN DARWICHE,
Individually, JEFFREY TASZYMOWICZ, Individually,
IKIM WHITLEY, Individually, PEDRO TECO, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                               Defendants.

------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

16 CV 6561
(ARR) (PK)

<u>Jury Trial Demanded</u>

Plaintiff GUSTAW LOJEK, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff GUSTAW LOJEK sixty-one-year-old resident of Poughkeepsie, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants LOUIS CALCATERRA, PATRICK VOLGENDE, HASAN DARWICHE, JEFFREY TASZYMOWICZ, IKIM WHITLEY, PEDRO TECO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On August 29, 2015, at approximately 8:30 a.m., plaintiff had a minor fender bender with another motorist in the confines of the 122 Precinct in Staten Island, New York. No one was hurt, and there was minor property damage.

13. At the time of this accident, plaintiff was experiencing symptoms of what was later believed to be, upon information and belief, a potential stroke.

14. Defendant NYPD Officers, including, upon information and belief, LOUIS CALCATERRA, responded to the scene, spoke to both motorists, and then left.

15. A short distance away, plaintiff was still experiencing the aforementioned symptoms. At that time, his vehicle struck an object in the roadway.

16. Defendant NYPD officers, including, upon information and belief, LOUIS CALCATERRA, returned to plaintiff's location.

17. Notwithstanding that plaintiff was obviously extremely ill and in need of emergency medical attention, and that based on their prior interaction with him they knew he was not intoxicated, plaintiff was falsely arrested for purported drunk driving offenses.

18. Instead of taking him to the hospital, as required by the NYPD Patrol Guide, the defendants took him to the 122nd precinct.

19. When the defendant officers persistently questioned plaintiff, plaintiff asked that medical attention be summoned for him.

20. Plaintiff repeatedly told the defendant officers that he was unwell, that he had not been drinking.

21. Despite plaintiff's obvious medical distress, and his repeated requests for medical aid, plaintiff was placed in over tight handcuffs and unlawfully imprisoned.

22. Instead of releasing plaintiff or requesting medical treatment for him, the defendant officers continued to hold plaintiff in the precinct holding cell.

23. The defendant officers continued to deny necessary medical treatment to Mr. Lojek and to imprison him for almost a day before finally bringing him to Staten Island University Hospital, where he was treated for his serious medical needs.

24. Mr. Lojek remained handcuffed in the hospital for a few days before he was finally maliciously issued a desk appearance ticket by defendant LOUIS CALCATERRA compelling his appearance in criminal court.

25. Mr. Lojek remained in the hospital for approximately two days after that.

26. Defendant LOUIS CALCATERRA issued the desk appearance ticket with malice, and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for failing to render aid to plaintiff and for falsely accusing plaintiff of being intoxicated when he was clearly ill.

27. The defendant officers created and manufactured false evidence when they falsely swore that plaintiff was intoxicated when he was not, and forwarded this information to the Richmond County District Attorney's Office, causing said information to be used against plaintiff in a criminal court complaint that was drawn up and filed under docket number 2015RI007177.

28. Plaintiff appeared on October 1, 2015 as required, and thereafter on dates

including, *inter alia,* November 18, 2015, January 7, 2016, March 8, 2016, April 29, 2016, June 23, 2016, August 1, 2016, October 13, 2016, November 22, 2016, and thereafter. The matter has since been dismissed and sealed.

29. The defendant officers acted with deliberate indifference to plaintiff's serious medical needs by failing to obtain treatment for him, despite his repeated requests and obvious need.

30. The defendant officers owed a duty to plaintiff to render or secure the provision of medical aid to him.

31. The defendant officers breached their duty causing plaintiff to suffer physical and emotional distress.

32. Defendants LOUIS CALCATERRA, PATRICK VOLGENDE, HASAN DARWICHE, JEFFREY TASZYMOWICZ, IKIM WHITLEY, and PEDRO TECO either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

33. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, falsification, improperly treating individuals who are ill, lax investigations of police misconduct, and of covering up abuse by fellow officers.

34. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive

media coverage that many NYPD officers, including the defendants engage in a practice of falsification to justify unlawful arrests, and engage in cover ups of police abuse.

35. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

36. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

37. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff GUSTAW LOJEK of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. As a result of the foregoing, plaintiff GUSTAW LOJEK sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendant officers arrested plaintiff GUSTAW LOJEK without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

45. Defendant officers caused plaintiff GUSTAW LOJEK to be falsely arrested and unlawfully imprisoned.

46. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants issued criminal process against plaintiff GUSTAW LOJEK by causing his arrest and prosecution in summons court.

49. Defendants caused plaintiff GUSTAW LOJEK to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for failing to properly render medical aid to plaintiff, and thereby violated plaintiff's right to be free from malicious abuse of process.

50. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

53. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendant officers created false evidence against plaintiff GUSTAW LOJEK.

56. Defendant Brush utilized this false evidence against plaintiff GUSTAW LOJEK in a legal proceeding.

57. As a result of defendants' creation and use of false evidence, which defendant Brush conveyed to Kings County Summons Court plaintiff GUSTAW LOJEK suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

58. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants had an affirmative duty to intervene on behalf of plaintiff GUSTAW LOJEK, whose constitutional rights were being violated in their presence by other officers.

61. The defendants failed to intervene to prevent the unlawful conduct described

herein.

62. As a result of the foregoing, plaintiff GUSTAW LOJEK was falsely arrested, he was denied his right to a fair trial, and maliciously prosecuted.

63. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Supervisory Defendant Officers)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

66. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

69. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully arresting individuals and then manufacturing evidence and otherwise engaging in falsification to justify said arrests, thereby depriving individuals of their right to a fair trial.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff GUSTAW LOJEK'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff GUSTAW LOJEK.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff GUSTAW LOJEK as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff GUSTAW LOJEK as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff GUSTAW LOJEK was unlawfully seized, detained, imprisoned, searched, and subjected to physical abuse.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff GUSTAW LOJEK'S constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiff GUSTAW LOJEK of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from malicious abuse of process;

    C. To receive a fair trial;

    D. To be free from deliberate indifference to serious medical needs; and

    E. To be free from the failure to intervene.

76. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

79. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

80. This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

81. Plaintiff has complied with all conditions precedent to maintaining the instant action.

82. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendants arrested plaintiff GUSTAW LOJEK without probable cause.

85. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

86. As a result of the aforementioned conduct, plaintiff GUSTAW LOJEK was unlawfully imprisoned in violation of the laws of the State of New York.

87. As a result of the aforementioned conduct, plaintiff GUSTAW LOJEK suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

88. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

89. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. As a result of the foregoing, plaintiff GUSTAW LOJEK was placed in apprehension of imminent harmful and offensive bodily contact.

92. As a result of defendant's conduct, plaintiff GUSTAW LOJEK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

94. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Defendants made offensive contact with plaintiff without privilege or consent.

97. As a result of defendant's conduct, plaintiff GUSTAW LOJEK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

98. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

99.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who falsely arrested, assaulted and battered plaintiff, and who maliciously issued criminal process to plaintiff GUSTAW LOJEK.

101.   Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

102.   As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

103.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who falsely arrested, assaulted and battered plaintiff, and who maliciously issued criminal process to plaintiff.

105. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(<u>Negligence under the laws of the State of New York</u>)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

108. Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*

109. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

110. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

112. As a result of the foregoing, plaintiff GUSTAW LOJEK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff GUSTAW LOJEK demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
May 21, 2018

                BRETT H. KLEIN, ESQ., PLLC
                Attorneys for Plaintiff GUSTAW LOJEK
                305 Broadway, Suite 600
                New York, New York 10007
                (212) 335-0132

                By:    s/ Brett Klein
                        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

GUSTAW LOJEK,

                                      Plaintiff,

          -against-

CITY OF NEW YORK, LOUIS CALCATERRA, Individually,
PATRICK VOLGENDE, Individually, HASAN DARWICHE,
Individually, JEFFREY TASZYMOWICZ, Individually,
IKIM WHITLEY, Individually, PEDRO TECO, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                      Defendants.

-------------------------------------------------------------------------------X

16 CV 6561
(ARR) (PK)


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132